**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| TREVOR TRIPOLI, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>HONDA DEVELOPMENT & MANUFACTURING OF AMERICA, LLC,<br><br>　　　　　　Defendant. | Case No. 1:22-cv-0 1488-TWP-MG |

## ANSWER TO ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

Defendant Honda Development & Manufacturing of America, LLC, pursuant to Fed. R. Civ. P. 8 & 12, states as follows for its answer to Plaintiff's Complaint:

## COMPLAINT ¶1:

Like many other companies across the United States, Honda Development & Manufacturing of America, LLC's ("Honda") Kronos-based timekeeping and payroll systems were affected by a service outage [in] (*sic*) beginning in December 2021.

## ANSWER:

Defendant admits the allegations of this paragraph.

## COMPLAINT ¶2:

That outage led to problems in timekeeping and payroll throughout Honda's organization.

## ANSWER:

Defendant admits the allegations of this paragraph.

## COMPLAINT ¶3:

As a result, Honda's workers who were not exempt from overtime under federal and state law were not paid for all overtime hours worked and/or were not paid their proper overtime premium on time, if at all, for all overtime hours worked during and after the Kronos outage.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶4:**

Trevor Tripoli is one such Honda worker.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶5:**

Honda could have easily implemented a system to accurately record time and properly pay non-exempt hourly and salaried employees until issues related to the outage were resolved.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶6:**

Instead, Honda pushed the cost of the Kronos outage onto the most economically vulnerable people in its workforce.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶7:**

Honda made the economic burden of the Kronos outage fall on front-line workers—average Americans—who rely on the full and timely payment of their wages to make ends meet.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶8:**

Honda's failure to pay wages, including proper overtime, on time and in full for all hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶9:**

Honda's failure to pay wages, including proper overtime, for all hours worked to its workers in Indiana also violates the Indiana Minimum Wage Law (IMWL), I.C. § 222-2 *et seq.,* and the Indiana Wage Payment Statute (IWPS), I.C. § 22-2-5 *et seq.*

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶10:**

Tripoli brings this lawsuit to recover these unpaid overtime wages and other damages owed by Honda to himself and Honda's other non-overtime-exempt workers, who were the ultimate victims of not just the Kronos outage, but Honda's decision to make its own non-exempt employees workers bear the economic burden for the outage.

**ANSWER:**

Defendant admits that Tripoli brings the lawsuit he describes, but denies that he is

entitled to any relief.

**COMPLAINT ¶11:**

This action seeks to recover the unpaid wages and other damages owed by Honda to all these workers, as occasioned by the unpaid wages, along with liquidated damages, penalties, interest, and other remedies provided by federal and Indiana law.

**ANSWER:**

Defendant admits that this action seeks to recover the relief sought, but denies that any

such recovery should occur.

**JURISDICTION & VENUE**

**COMPLAINT ¶12:**

This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.  29 U.S.C. § 216(b).

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶13:**

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events at issue occurred in this District.

**ANSWER:**

Defendant admits the allegations of this paragraph, though Defendant denies that venue should be maintained in this Court.

**COMPLAINT ¶14:**

Tripoli worked for Honda in this District and Division.

**ANSWER:**

Defendant admits the allegations of this paragraph.

## PARTIES

**COMPLAINT ¶15:**

Plaintiff Trevor Tripoli is a natural person.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶16:**

Tripoli is and was, at all relevant times, an employee of Honda.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶17:**

Tripoli has worked for Honda since October 2016.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶18:**

During the Kronos outage, Tripoli worked for Honda in Indiana.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶19:**

Tripoli represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b).  This "FLSA Collective" is defined as:

> **All current or former non-exempt employees of Honda, who worked in Indiana at any time during Honda's Kronos service outage, beginning on or about December 11, 2021, until the time that Honda regained full access to all Kronos products and services, and resumed normal employee timekeeping and payment operations.**[1]

**ANSWER:**

Defendant denies such a collective should be certified.

**COMPLAINT ¶20:**

Tripoli represents a class of similarly situated workers under Indiana law pursuant to Federal Rule of Civil Procedure 23.  This "Indiana Class" is defined as:

> **All current or former non-exempt employees of Honda, who worked in Indiana at any time during Honda's Kronos service outage, beginning on or about December 11, 2021, until the time that Honda regained full access to all Kronos products and services, and resumed normal employee timekeeping and payment operations.**

**ANSWER:**

Defendant denies such a class should be certified.

**COMPLAINT ¶21:**

Throughout this Complaint, the FLSA Collective and Indiana Class members are referred to collectively as the "Similarly Situated Workers."

**ANSWER:**

Defendant denies that either a collective or class should be certified.

---

[1] The FLSA Collective excludes those individuals who opt into *Michael Albert v. Honda Development & Manufacturing of America, LLC,* No. 2:22-cv-00694-EAS-KAJ (S.D. Ohio), by filing a consent to join that lawsuit.

**COMPLAINT ¶22:**

Defendant Honda Development & Manufacturing of America, LLC ("Honda") is a foreign limited liability company.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶23:**

Honda conducts business in a systematic and continuous manner throughout Indiana and this District.

**ANSWER:**

Defendants admit the allegations of this paragraph.

**COMPLAINT ¶24:**

Honda may be served by service upon its registered agent, Corporation Service Company, Inc., 135 North Pennsylvania St., Ste. 1610, Indianapolis, IN 46204, or by any other method allowed by law.

**ANSWER:**

Defendant admits the allegations of this paragraph.

## COVERAGE UNDER THE FLSA

**COMPLAINT ¶25:**

At all relevant times, Honda was an employer of Tripoli within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶26:**

At all relevant times, Honda was and is an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶27:**

Honda was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶28:**

During at least the last three years, Honda has had gross annual sales in excess of $500,000.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶29:**

Honda was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶30:**

Honda employs many workers, including Tripoli, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶31:**

The goods and materials handled, sold, or otherwise worked on by Tripoli, and other Honda employees and that have been moved in interstate commerce include, but are not limited to, automobiles and their component parts.

**ANSWER:**

Defendant admits the allegations of this paragraph.

## FACTS

**COMPLAINT ¶32:**

Honda manufactures and distributes automobiles.

**ANSWER:**

Defendant denies that it distributes automobiles.  Defendant admits the remaining allegations of this paragraph.

**COMPLAINT ¶33:**

Many of Honda's employees are non-exempt hourly and salaried workers.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶34:**

Since at least 2021, Honda has used timekeeping software and hardware operated and maintained by Kronos.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶35:**

On or about December 11, 2021, Kronos suffered a disruption in service due to a ransomware attack.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶36:**

The Kronos outage interfered with the ability of its customers, including Honda, to use Kronos's software and hardware to track hours and pay employees.

**ANSWER:**

Defendant admits the allegations of this paragraph at least as to HDMA.

**COMPLAINT ¶37:**

For at least a portion of time following the Kronos outage, Honda failed to keep accurate track of the hours that Tripoli and Similarly Situated Workers worked.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶38:**

Instead, Honda has used various methods to estimate the number of hours Tripoli and Similarly Situated Workers work in each pay period.

**ANSWER:**

Defendant admits that it used various methods to pay Tripoli and other non-exempt

employees, but denies the remaining allegations of this paragraph.

**COMPLAINT ¶39:**

As a result of Honda's failure to accurately track their actual hours worked each week, employees who were non-exempt and worked overtime were in many cases paid less than the hours they worked in the workweek, including overtime hours.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶40:**

Many employees were not even paid for all their non-overtime wages for hours worked in certain workweeks.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶41:**

Tripoli is one of the thousands of Honda employees affected by these pay and timekeeping practices.

**ANSWER:**

Defendant admits that Plaintiff is one of thousands of Honda employees affected by its

pay and timekeeping practices, but denies the remaining allegations of this paragraph.

**COMPLAINT ¶42:**

Tripoli works over 40 hours per week each week for Honda.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶43:**

Tripoli has worked 40 hours, or more, each week since the time of the outage in
December 2021.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶44:**

But Tripoli was not paid the proper overtime premium for all hours worked on time, if at
all, for each of these weeks since the onset of the Kronos service disruption, on or about
December 11, 2021.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶45:**

Instead of paying Tripoli for the hours he actually worked (including overtime hours),
Honda simply paid based on estimates of time or pay, or based upon arbitrary considerations
other than Tripoli's actual hours worked and regular pay rates, in multiple workweeks.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶46:**

In properly calculating and paying overtime to a non-exempt employee, the only metrics
that are needed are: (1) the number of hours worked in a day or week, and (2) the employee's

regular rate, taking into account shift differentials, non-discretionary bonuses, and other factors allowed under the law.

**ANSWER:**

    Defendant denies the allegations of this paragraph.

**COMPLAINT ¶47:**

Honda knows it has to pay proper overtime premiums to non-exempt hourly and salaried employees.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶48:**

Honda knows this because, prior to the Kronos outage, it routinely paid these workers for all overtime hours at the proper overtime rates.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶49:**

Honda could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶50:**

Instead of accurately tracking hours and paying employees their overtime, Honda decided to arbitrarily pay these employees, without regard to the overtime hours they worked or the regular rates at which they were supposed to be paid.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶51:**

It was feasible for Honda to have its employees and managers report accurate hours so they could be paid the full and correct amounts of money they were owed for the work they did for the company.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶52:**

But Honda chose not to do that.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶53:**

In other words, Honda pushed the effects of the Kronos outage onto the backs of its most economically vulnerable workers, making sure that it kept the money it owed to those employees in its own pockets, rather than take steps to make sure its employees were paid on time and in full for the work they did.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶54:**

Tripoli is just one of the many Honda employees who had to shoulder the burden of this decision by Honda.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶55:**

Tripoli was a non-exempt hourly employee of Honda.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶56:**

Tripoli regularly worked over 40 hours per week for Honda.

**ANSWER:**

Defendant admits that Tripoli worked more than 40 hours in a workweek on multiple

occasions but denies the remaining allegations of this paragraph.

**COMPLAINT ¶57:**

Tripoli's normal, pre-Kronos outage hours are reflected in Honda's records.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶58:**

Since the Kronos outage, Honda has not paid Tripoli on time, if at all, for his actual hours worked each week.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶59:**

Since the outage took place, Honda has accurately recorded the hours worked by Tripoli and its other workers, in multiple workweeks.

**ANSWER:**

Defendant admits the allegation of this paragraph.

**COMPLAINT ¶60:**

Honda was aware of the overtime requirements of the FLSA.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶61:**

Honda nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Tripoli.

**ANSWER:**

Defendant denies the allegations of this paragraph.

13

**COMPLAINT ¶62:**

Honda's failure to pay overtime to these non-exempt workers was, and is, a willful violation of the FLSA.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶63:**

The full overtime wages owed to Tripoli and the Similarly Situated Workers became "unpaid" when the work for Honda was done—that is, on Tripoli and the Similarly Situated Workers' regular paydays.  *E.g., Martin v. United States,* 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson,* 1 F.3d 1537, 1540 (9th Cir. 1993); *Cook v. United States,* 855 F.2d 848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac-GMC, Inc.,* 765 F.2d 1570, 1579 (11th Cir.1985), *modified,* 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton,* 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.,* 140 F.2d 826, 828 (7th Cir.1944).

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶64:**

At the time Honda failed to pay Tripoli and the Similarly Situated Workers in full for their overtime hours by their regular paydays, Honda became liable for all prejudgment interest, liquidated damages, penalties, and any other damages owed under federal and Indiana law

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶65:**

In other words, there is no distinction between late payment and nonpayment of wages under federal law *Biggs v. Wilson,* 1 F.3d 1537, 1540 (9th Cir. 1993).

**ANSWER:**

Because this paragraph merely states what purports to be statements of law, no response is required.  Defendant denies any remaining allegations in this paragraph.

**COMPLAINT ¶66:**

Any payment made by MBUIS to Tripoli or the Similarly Situated Workers that Honda may allege represents previously unpaid wages was not supervised by the Department of Labor or any court.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth

or falsity of payments made by MBUIS.  Defendant denies the remaining allegations of this

paragraph.

**COMPLAINT ¶67:**

The untimely payment of overtime wages, in itself, does not resolve a claim for unpaid wages under the law,  *See, e.g., Seminiano v. Xyris Enterp., Inc.,* 602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352-54 (11th Cir. 1982).

**ANSWER:**

Because this paragraph merely states what purports to be statements of law, no response

is required.  Defendant denies any remaining allegations in this paragraph.

**COMPLAINT ¶68:**

Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to Honda's acts and omissions resulting in the unpaid wages in the first place.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶69:**

Tripoli and the Similarly Situated Workers remain uncompensated for the wages and other damages owed by Honda under federal and Indiana law.

**ANSWER:**

Defendant denies the allegations of this paragraph.

## COLLECTIVE ACTION ALLEGATIONS

**COMPLAINT ¶70:**

Numerous individuals were victimized by Honda's patterns, practices, and policies, which are in willful violation of the FLSA.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶71:**

Based on his experiences and tenure with Honda, Tripoli is aware that Honda's illegal practices were imposed on the FLSA Collective.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth or falsity of the

matters of which Tripoli is aware.  Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶72:**

The FLSA Collective members were not paid their full overtime premiums for all overtime hours worked.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶73:**

These employees are victims of Honda's respective unlawful compensation practices and are similarly situated to Tripoli in terms of the pay provisions and employment practices at issue in the collective in this lawsuit.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶74:**

The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

**ANSWER:**

Defendant denies the allegations of this paragraph.

16

**COMPLAINT ¶75:**

Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶76:**

Honda's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶77:**

The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

**ANSWER:**

Defendant denies the allegations of this paragraph.

## CLASS ACTION ALLEGATIONS

**COMPLAINT ¶78:**

The illegal practices Honda imposed on Tripoli were likewise imposed on the Indiana Class members.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶79:**

Numerous other individuals who worked for Honda were not properly compensated for all hours worked, as required by Indiana law.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶80:**

The Indiana Class is so numerous that joinder of all members of the class is impracticable.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶81:**

Honda imposed uniform practices and policies on Tripoli and the Indiana Class members regardless of any individualized factors.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶82:**

Based on his experience and tenure with Honda, as well as coverage of the Kronos hack, Tripoli is aware that Honda's illegal practices were imposed on the Indiana Class members.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth or falsity of the

matters of which Tripoli is aware.  Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶83:**

Indiana Class members were all not timely paid proper overtime when they worked in excess of 40 hours per week.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶84:**

Honda's failure to pay wages and overtime compensation in accordance with Indiana law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Indiana Class members.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶85:**

Tripoli's experiences are therefore typical of the experiences of the Indiana Class members.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶86:**

Tripoli has no interest contrary to, or in conflict with, the members of the Indiana Class. Like each member of the proposed class, Tripoli has an interest in obtaining the unpaid wages and other damages owed under the law.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to whether

Tripoli has an interest contrary to, or in conflict with, members of the putative class.  Defendant

denies the remaining allegations of this paragraph.

**COMPLAINT ¶87:**

A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶88:**

Absent this action, many Indiana Class members likely will not obtain redress of their injuries and Honda will reap the unjust benefits of violating Indiana law.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶89:**

Furthermore, even if some of the Indiana Class members could afford individual litigation against Honda, it would be unduly burdensome to the judicial system.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶90:**

Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶91:**

The questions of law and fact common to each of the Indiana Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

      a.     Whether Tripoli and the Indiana Class members were paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek;

      b.     Whether Honda's failure to pay Tripoli and the Indiana Class members their proper overtime rates overtime violated the IMWL;

      c.     Whether Honda paid Tripoli and the Indiana Class members all wages due within the period of time allowed by the IWPS;

      d.     Whether Honda's failure to timely pay wages to Tripoli and the Indiana Class members violated the IWPS.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶92:**

Tripoli's claims are typical of the Indiana Class members. Tripoli and the Indiana Class members have all sustained damages arising out of Honda's illegal and uniform employment policies.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶93:**

Tripoli knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth or falsity of the

matters of which Tripoli is aware.  Defendant denies the remaining allegations of this paragraph

**COMPLAINT ¶94:**

Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.  Therefore, this issue does not preclude class or collective action treatment.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**FIRST CAUSE OF ACTION-VIOLATIONS OF THE FLSA**

**COMPLAINT ¶95:**

Tripoli incorporates each allegation set forth in paragraphs 1 to 94.

**ANSWER:**

Defendant incorporates its answers to the paragraphs 1 to 94 as though fully stated

herein.

**COMPLAINT ¶96:**

By failing to pay Tripoli and the FLSA Collective members overtime at 1.5 times their regular rates, Honda violated the FLSA.  29 U.S.C. § 207(a).

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶97:**

Honda owes Tripoli and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶98:**

Honda owes Tripoli and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶99:**

Likewise, Honda owes Tripoli and the FLSA Collective members their agreed-upon rates of pay for all hours worked up to and including 40 each week in which they worked over 40 hours in the week, but were not paid in full for all hours.  29 C.F.R. § 788.305.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶100:**

Honda knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay Tripoli and the Collective members the compensation owed to them under the FLSA.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶101:**

Because Honda knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Honda owes these wages for at least the past three years.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶102:**

Honda's failure to pay compensation owed under the FLSA to Tripoli and the Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶103:**

Because Honda's decision not to pay overtime was not made in good faith, Honda also owes Tripoli and the Collective members an amount equal to the unpaid wages as liquidated damages.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶104:**

Accordingly, Tripoli and the FLSA Collective members are entitled to their unpaid wages under the FLSA, including their agreed-upon wages up to 40 hours each week they worked overtime and overtime wages in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

**ANSWER:**

Defendant denies the allegations of this paragraph.

## SECOND CAUSE OF ACTION-VIOLATIONS OF THE IMWL AS TO TRIPOLI AND THE INDIANA CLASS

**COMPLAINT ¶105:**

Tripoli incorporates each allegation set forth in paragraphs 1 to 94.

**ANSWER:**

Defendant incorporates its answers to the paragraphs 1 to 94 as though fully stated

herein.

**COMPLAINT ¶106:**

The conduct alleged in this Complaint violates the IMWL, I.C. § 22-2-2-1 *et seq.*

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶107:**

At all relevant times, Honda has been an "employer" within the meaning of the IMWL. I.C. § 22-2-2-3.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶108:**

At all relevant times, Honda employed Tripoli and the other Indiana Class members as "employees" within the meaning of the IMWL.  I.C. § 22-2-2-3.

**ANSWER:**

Defendant admits the allegations of this paragraph as to Tripoli only.  Defendant denies

the existence of an Indiana class.

**COMPLAINT ¶109:**

At all relevant times, Honda employed two or more employees each week.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶110:**

The IMWL requires an employer like Honda to pay employees at a rate no less than the minimum wage for each hour worked.  I.C. § 22-2-2-4(c).

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶111:**

As a result of Honda's failure to pay Tripoli and the Indiana Class at a rate no less than the minimum wage for all hours worked, Honda violated the IMWL.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶112:**

The IMWL requires an employer like Honda to pay overtime to all non-exempt employees.  I.C. § 22-2-2-4(f).

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶113:**

Tripoli and the other Indiana Class members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked at a rate of no less than 1.5x their regular rate. I.C. § 22-2-2-4(f).

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶114:**

Within the applicable limitations period, Honda had a policy and practice of failing to pay proper overtime to the Indiana Class members for their hours worked in excess of 40 hours per week.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶115:**

As a result of Honda's failure to pay proper overtime to Tripoli and the Indiana Class members for work performed in excess of 40 hours in a workweek, Honda violated the IMWL.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶116:**

Likewise, Honda owes Tripoli and the Indiana members their agreed-upon rates of pay for all hours worked up to and including 40 each week in which they worked over 40 hours in the week, but were not paid in full for all hours.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶117:**

The IMWL requires an employer like Honda to furnish each employee at each pay period an accurate statement containing: the hours worked by the employee, the wages paid to the employee, and a listing of any deductions made.  I.C. § 22-2-2-8(a).

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶118:**

Within the applicable limitations period, Honda had a policy and practice of failing to provide their employees with the wage statements required by the IMWL.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶119:**

As a result of Honda's failure to provide the wage statements required by the IMWL, Honda violated the IMWL.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶120:**

Tripoli and the Indiana Class members are entitled to recover their unpaid wages, liquidated damages, attorneys' fees, costs, and all other legal and equitable relief provided under the IMWL.  I.C. § 22-2-2-9.

**ANSWER:**

Defendant denies the allegations of this paragraph.

<u>**THIRD CAUSE OF ACTION-VIOLATIONS OF THE IWPS**</u>
<u>**AS TO TRIPOLI AND THE INDIANA CLASS**</u>

**COMPLAINT ¶121:**

Tripoli incorporates each allegation set forth in paragraphs 1 to 94.

**ANSWER:**

Defendant incorporates its answers to the paragraphs 1 to 94 as though fully stated herein.

**COMPLAINT ¶122:**

The conduct alleged in this Complaint violates the IWPS, I.C. § 22-2-5 *et seq.*

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶123:**

At all relevant times, Honda has been an "employer" within the meaning of the IWPS.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶124:**

At all relevant times, Honda employed Tripoli and the Indiana Class members as "employees" within the meaning of the IWPS.

**ANSWER:**

Defendant admits the allegations of this paragraph as to Tripoli only.  Defendant denies the existence of an Indiana class.

**COMPLAINT ¶125:**

Honda failed to pay earned wages and overtime to Tripoli and the Indiana Class Members.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶126:**

Honda failed to pay the wages earned by Tripoli and the Indiana Class members within 10 business days.  I.C. § 22-2-5-1(b).

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶127:**

Honda had a policy and practice of failing [to] make timely payments to the Tripoli and the Indiana Class members.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶128:**

Honda did not act in good faith in failing to pay earned wages to Tripoli and the Indiana Class members and in violating the IWPS.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶129:**

As a result of Honda's failure to pay earned wages to Tripoli and the Indiana Class members within the time required by the IWPS, Honda violated the IWPS.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶130:**

Tripoli and the Indiana Class members are entitled to recover all wages due to them, liquidated damages in an amount equal to 2x of the wages due to them, attorneys' fees, costs, and all other legal and equitable relief provided under the IWPS.  I.C. § 22-2-5-2.

**ANSWER:**

Defendant denies the allegations of this paragraph.

## **RELIEF SOUGHT**

Tripoli prays for judgment against Honda as follows:

a.      For an order certifying a collective action for the FLSA claims;

b.      For an order certifying a class action for the Indiana law claims;

c.      For an order finding Honda liable for violations of federal wage laws with respect to Tripoli and all FLSA Collective members covered by this case;

d.      For an order finding Honda liable for violations of Indiana wage laws with respect to Tripoli and all Indiana Class members covered by this case;

e.      For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Tripoli and all FLSA Collective members covered by this case;

f.      For a judgment awarding all unpaid wages, liquidated damages, and penalties under Indiana wage laws to Tripoli and all Indiana Class members covered by this case;

g.      For a judgment awarding attorneys' fees to Tripoli and all FLSA Collective and Indiana Class members covered by this case;

h.      For a judgment awarding costs of this action to Tripoli all FLSA Collective and Indiana Class members covered by this case;

i.      For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Tripoli and all FLSA Collective and Indiana Class members covered by this case; and

j.      For all such other and further relief as may be necessary and appropriate.

**ANSWER:**

Defendant denies that Plaintiff or anyone else is entitled to the relief sought in the ad damnum clause of the Complaint.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues.

**ANSWER:**

Defendant admits that Plaintiff has demanded a trial by jury.  Defendant also seeks a trial by jury on all issues.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming any burden of production or proof as to matters that, pursuant to law, are Plaintiff's burden to prove. Defendant's investigation into the allegations made in Plaintiff's Complaint are ongoing.  As such, Defendant reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of additional defenses.

## FIRST DEFENSE

Defendant acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices with respect to Plaintiff and putative members of the alleged collective and/or class.  Therefore, Plaintiff and putative members of the alleged collective and/or class may not be awarded liquidated damages.

## SECOND DEFENSE

Plaintiff's claims, and those of any putative class or collective members, are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, or credits under the FLSA and/or Indiana law.

## THIRD DEFENSE

Plaintiff's claims must be dismissed to the extent that they are moot.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor, dismissing Plaintiff's claims with prejudice and awarding Defendant its costs and any other relief that this Court deems appropriate.

DATED:  August 31, 2022

Respectfully submitted,

HONDA DEVELOPMENT &
MANUFACTURING OF AMERICA, LLC

By:  */s/ Noah A. Finkel*
　　　Noah A. Finkel
　　　One of Its Attorneys

Noah A. Finkel
Kyla J. Miller
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606-6448
(312) 460-5000
nfinkel@seyfarth.com
kjmiller@seyfarth.com

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, hereby certify that I have served a copy of ANSWER TO

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT, by electronic filing using

the CM/ECF system, which will send notification of such filings to same on this 31st day of

August 2022, upon counsel of record as follows:

> Matthew Scott Parmet
> Parmet PC
> 3 Riverway, Ste. 1910
> Houston, TX 77056
> 713-999-5228
> matt@parmet.law
>
> J. Corey Asay
> Morgan & Morgan
> 333 W. Vine Street, Suite 100
> Lexington, KY 40407
> 859-286-8368
> CAsay@forthepeople.com

> /s/ *Noah A. Finkel*
> Noah A. Finkel